**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIO ALIANO** and **NGUYEN BUREN**, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12 cv 6415 |
| **AIRGAS USA, LLC,** a Delaware limited liability company; | ) ) ) | |
| Defendant. | ) | |

## NATIONWIDE CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiffs bring this action to secure redress for the violation by Defendant of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1).

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendant has negligently, recklessly and/or willfully violated this law and failed to protect Plaintiffs, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print the expiration date of the card number on receipts provided to debit card and credit card cardholders transacting business with Defendant.

4.      Plaintiffs bring this action against Defendant based on Defendant's violation of 15 U.S.C. §1681, *et seq*.  Plaintiffs seek statutory damages, attorney's fees, and cost

## PARTIES

5.      At all relevant times, Plaintiff MARIO ALIANO was a resident and citizen of Illinois.

6.      At all relevant times, Plaintiff NGUYEN BUREN was a resident and citizen of Illinois.

7.      At all relevant times, Defendant AIRGAS USA, LLC was a Delaware limited liability company that, upon information and belief, owned, controlled, operated, managed and did business as "Airgas USA, LLC," located at 1601 Nicholas Blvd., Elk Grove Village, Illinois, and 3223 North Elston Avenue, Chicago, Illinois, as well as at numerous retail locations throughout the United States.  At all relevant times, Defendant was a company that accepted credit cards or debit cards for the transaction of business within the meaning of FACTA.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

9.      Venue in this District is proper because Defendant transacts business in the District and is deemed to reside here.

## FACTS

10.     On May 30, 2012, Plaintiff MARIO ALIANO received from Defendant at its establishment in Elk Grove Village, a computer-generated cash register receipt which displayed the last four digits of the Plaintiff's credit card number as well as the card's expiration date.

11.     On August 3, 2012, Plaintiff NGUYEN BUREN received from Defendant at its establishment in Chicago, a computer-generated cash register receipt which displayed the last four digits of the Plaintiff's credit card number as well as the card's expiration date.

12.     On information and belief, it is possible to replicate a card number using the last four digits of the card number and the expiration date.

## CLASS ALLEGATIONS

13.     Plaintiffs bring this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

14.     The class is defined as all persons to whom the Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in the nation after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

15.     The class is so numerous that joinder of all individual members in one action would be impracticable.

16.     Upon information and belief, there are over 50 persons to whom the Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in the nation after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

17.     Plaintiffs' claims are typical of the claims of the class members.   All are based on the same legal theories and arise from the same unlawful, negligent, reckless and/or willful conduct.

18.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

     a.     Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed the expiration date of the credit card or debit card;

     b.     Whether Defendant thereby violated FACTA; and

     c.     Whether Defendant's conduct was negligent, reckless or willful.

19.     Plaintiffs will fairly and adequately represent the class members.   Plaintiffs have no interests that conflict with the interests of the class members. Plaintiffs have retained experienced counsel.

20.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members.   Individual actions are not economically feasible.

## VIOLATION ALLEGED

21.     Defendant violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> **… no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1) (emphasis added).

4

22.     With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

23.     With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §l681c(g)(1) on or after December 4, 2006.

24.     Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiffs and the class members.  In transacting such business, Defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

25.     After the effective date of the statute and thereafter to date, Defendant, at the point of sale or transaction, provided Plaintiffs and each class member with one or more electronically printed receipts on each of which Defendant printed the expiration date of the credit card or debit card.

26.     FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

27.     On information and belief, Defendant knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, but continued to print the expiration dates anyway.

28.     On information and belief, VISA, MasterCard, American Express, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendant about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendant's need to comply with the same.

29.     The requirement was widely publicized among retailers.

30.     Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date of the card upon the receipts provided to the cardholders.   Defendant could have readily done the same.

31.     Defendant negligently, recklessly and/or willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the class members and against Defendant as follows:

a.      For statutory damages of $100 to $1,000 per violation;

b.      For attorney's fees, litigation expenses and costs; and

c.      For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury.

Plaintiffs MARIO ALIANO and NGUYEN
BUREN, individually, and on behalf of all others
similarly situated,


By:    s/Thomas A. Zimmerman, Jr.
       Thomas A. Zimmerman, Jr.   (IL #6231944)
       Adam M. Tamburelli (IL #6292017)
       ZIMMERMAN LAW OFFICES, P.C.
       77 West Washington Street, Suite 1220
       Chicago, Illinois 60602
       (312) 440-0020 telephone
       (312) 440-4180 facsimile
       www.attorneyzim.com

Counsel for the Plaintiffs and Class