**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIO ALIANO** and **NGUYEN BUREN**, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 12 cv 6415 |
| **AIRGAS USA, LLC,** a Delaware limited liability company, and **AIRGAS, INC.**, a Delaware corporation, | ) ) ) ) | Magistrate Judge Young B. Kim (consent for all purposes) |
| Defendants. | ) ) | Jury Trial Demanded |

# FIRST AMENDED CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiffs bring this action to secure redress for the violation by Defendants of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g)(1), provides that:

> **. . . no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1).

3. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006. Defendants have negligently, recklessly and/or willfully violated this law and failed to protect Plaintiffs, and others similarly situated, against identity theft and credit card and debit card fraud by continuing to print the expiration date of the card number on receipts provided to debit card and credit card cardholders transacting business with Defendants.

4. Plaintiffs bring this action against Defendants based on Defendants' violation of 15 U.S.C. §1681, *et seq*. Plaintiffs seek statutory damages, attorney's fees, and costs.

## PARTIES

5. At all relevant times, Plaintiff MARIO ALIANO was a resident and citizen of Illinois.

6. At all relevant times, Plaintiff NGUYEN BUREN was a resident and citizen of Illinois.

7. At all relevant times, Defendant AIRGAS USA, LLC was a Delaware limited liability company that, upon information and belief, owned, controlled, operated, managed and did business as "Airgas," located at 1601 Nicholas Blvd., Elk Grove Village, Illinois, and 3223 North Elston Avenue, Chicago, Illinois, as well as at numerous retail locations throughout the United States.

8. At all relevant times, Defendant AIRGAS, INC. was a Delaware corporation that, upon information and belief, owned, controlled, operated, managed and did business as "Airgas" from its headquarters located at 259 North Radnor Chester Road, Radnor, Pennsylvania, as well as at numerous retail locations throughout the United States including in Illinois.

9. At all relevant times, Defendants AIRGAS USA, LLC and AIRGAS, INC. (collectively, "Defendants") were businesses that accepted credit cards or debit cards for the transaction of business within the meaning of FACTA.

10. At all relevant times, AIRGAS USA, LLC and AIRGAS, INC. owned and operated all of the Airgas retail locations throughout the United States.

11. AIRGAS, INC. directed all of AIRGAS USA, LLC's activity that caused AIRGAS USA, LLC to print its customer's credit and debit card expiration dates on the receipts. For example, at all relevant times, the electronic devices that processed credit and debit card

2

transactions at all Airgas retail locations throughout the United States were maintained by AIRGAS USA, LLC with input and guidance from AIRGAS, INC. Indeed, the applicable software for said electronic devices was centrally programmed by AIRGAS, INC., and all policies, protocols, procedures, guidelines, standards, policy manuals, internal memoranda, and/or internal communications or correspondence that did or were intended to guide or govern AIRGAS USA, LLC's actions with respect to obtaining, implementing, maintaining, and/or using said electronic devices were created and implemented by AIRGAS, INC.

12. At all relevant times, AIRGAS, INC. mandated an overall course of action concerning credit card processing—including truncation of credit card information on receipts—at all Airgas retail locations, and AIRGAS, INC. authorized and implemented the manner in which AIRGAS USA, LLC carried out that course of action. At all relevant times, it was foreseeable to AIRGAS, INC. that its mandated course of action would cause its customers' credit and debit card expiration dates to be printed on the receipts.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), and 15 U.S.C. §1681p (FCRA).

14. Venue in this District is proper because Defendants transact business in the District and are deemed to reside here.

## FACTS

15. On May 30, 2012, Plaintiff MARIO ALIANO received from Defendants at their retail establishment in Elk Grove Village, a computer-generated cash register receipt which displayed the last four digits of Plaintiff's credit card number as well as the card's expiration date.

16. On August 3, 2012, Plaintiff NGUYEN BUREN received from Defendants at their retail establishment in Chicago, a computer-generated cash register receipt which displayed the last four digits of the Plaintiff's credit card number as well as the card's expiration date.

17. On information and belief, it is possible to replicate a card number using the last four digits of the card number and the expiration date.

## CLASS ALLEGATIONS

18. Plaintiffs bring this action on behalf of a class pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(3).

19. The class is defined as all persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in the United States after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

20. The class is so numerous that joinder of all individual members in one action would be impracticable.

21. Upon information and belief, there are over 50 persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in the nation after June 3, 2008, which receipt displays the expiration date of the person's credit card or debit card.

22. Plaintiffs' claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful, negligent, reckless and/or willful conduct.

23. There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

      a.      Whether Defendants had a practice of providing customers with a sales or transaction receipt on which Defendants printed the expiration date of the credit card or debit card;

      b.      Whether Defendants thereby violated FACTA; and

      c.      Whether Defendants' conduct was negligent, reckless or willful.

24. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have no interests that conflict with the interests of the class members. Plaintiffs have retained experienced counsel.

25. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## **VIOLATION ALLEGED**

26. Defendants violated 15 U.S.C. §1681c(g)(1), which provides, in relevant part, that:

> **… no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number <u>or</u> the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.**

15 U.S.C. §1681c(g)(1) (emphasis added).

27. With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §168lc(g)(1).

28. With respect to machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(A) required compliance with the provisions of 15 U.S.C. §l681c(g)(1) on or after December 4, 2006.

29. Defendants accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiffs and the class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30. After the effective date of the statute and thereafter to date, Defendants, at the point of sale or transaction, provided Plaintiffs and each class member with one or more electronically printed receipts on each of which Defendants printed the expiration date of the credit card or debit card.

31. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

32. On information and belief, Defendants knew of the requirement concerning the truncation of credit and debit card numbers and prohibition on printing of expiration dates, but continued to print the expiration dates anyway.

33. On information and belief, VISA, MasterCard, American Express, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed Defendants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and Defendants' need to comply with the same.

34. The truncation requirement was widely publicized among retailers.

35. The August 12, 2006, edition of Rules for Visa Merchants (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt

and the expiration date should not appear at all. These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

36. Defendants accept Visa cards and are party to a contract requiring compliance with the Visa requirement above in paragraph 35.

37. In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date" and for example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

>  ACCT: \*\*\*\*\*\*\*\*\*\*\*12345
>  EXP: \*\*\*\*

38. FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts. *Available at* http://business.ftc.gov/documents/alt007-slip-showing-federal-law-requires-all-businesses-truncate-credit-card-information-receipts (last visited March 13, 2012).

39. The FTC again warned again that the failure to truncate the expiration date http://www.ftc.gov/opa/2007/05/slipshowing.shtm (last visited March 13, 2012) ("The business alert advises that merchants who fail to comply with the law could face FTC law enforcement action, including financial penalties and federally-enforced restrictions or requirements.")

40. The FTC on December 14, 2007, further stated:

> To help make merchants aware of their responsibility to truncate this information, the Commission's regional offices led a nationwide campaign that included sending the FTC's Business Alert, "Slip Showing?" to 187 national trade associations. The alert also is available on FTC's Web site www.ftc.gov. Merchants who fail to comply with the law could face FTC law enforcement action, including civil penalties of up to $2,500 per violation.

http://www.ftc.gov/opa/2007/12/slip.shtm (last visited March 13, 2012).

41. The May 2007 FTC business alert was also posted on the Better Business Bureau's website. Available at http://www.bbb.org/us/article/4425.

42. Most of Defendants' business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by, for example, programming their card machines and devices to prevent them from printing the expiration date of the card upon the receipts provided to the cardholders. Defendants could have readily done the same.

43. Defendants negligently, recklessly and/or willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and the class members and against Defendants as follows:

    a. For statutory damages of $100 to $1,000 per violation;

    b. For attorney's fees, litigation expenses and costs; and

    c. For such other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Plaintiffs MARIO ALIANO and NGUYEN BUREN, individually, and on behalf of all others similarly situated,

By:   s/Thomas A. Zimmerman, Jr.
      Thomas A. Zimmerman, Jr. (IL #6231944)
      Adam M. Tamburelli (IL #6292017)
      ZIMMERMAN LAW OFFICES, P.C.
      77 West Washington Street, Suite 1220
      Chicago, Illinois 60602

           (312) 440-0020 telephone
           (312) 440-4180 facsimile
           www.attorneyzim.com

        Counsel for the Plaintiffs and Class